CITY BLOCK DIRECTORY COMPANY, APPELLANT, v. APP ET AL., APPELLEES.

1. PRACTICE—EXCUSABLE NEGLECT.
It is provided by the code that the court may, on such terms as may be just, and upon payment of costs, relieve a party from a judgment, order or other proceeding taken against him through mistake, inadvertence, surprise or excusable neglect.
2. SAME.
Neglect which arises from reliance placed by a party upon assurances

given him by opposing counsel is excusable within the meaning of the law.

*Appeal from the District Court of Arapahoe County.*

Messrs. Buford & Griffith, for appellant.

Mr. E. E. Schlosser and Mr. H. W. Spangler, for appellees.

Thomson, J., delivered the opinion of the court.

App & Stott brought suit against one Robert Stride, who made default, and judgment went against him. A writ of garnishment was issued upon the judgment, and served upon the City Block Directory Company, against which judgment was entered for want of an answer. The company moved the court to vacate the judgment, and the motion was denied. The company appealed. The ground of the motion was that the company was misled into the default by the plaintiffs' counsel. Affidavits were filed in support of the motion, and counter affidavits against it. It appears that on the day of the service of the garnishment, Elisha Proctor, the secretary of the company, prepared and verified an answer, denying any indebtedness to Stride. In his affidavit he states that soon after its preparation he showed the answer to E. E. Schlosser, the attorney of plaintiffs, who represented to him that it was unnecessary to file it, as it showed that the company owed Stride nothing; and that, accordingly, relying upon Schlosser's representation of the want of necessity for filing the answer, he did not do so. E. J. Miller, W. J. Winters and H. W. Hilton each made affidavit to a conversation between Miller and Schlosser, in which Miller asked Schlosser how he happened to get a judgment against the company, to which he replied that he had fixed up a trap, and the company fell into it. The original answer, verified as stated by Proctor, was also introduced. Schlosser, in opposition to the motion, made affidavit giving a somewhat different version of the conver-

sations with Proctor and Miller, but upon the question whether the company was misled by him to its prejudice, the affidavit is not very satisfactory. It is provided by section 75 of the Code of Civil Procedure that the court may on such terms as may be just, and upon payment of costs, relieve a party or his legal representatives from a judgment, order, or other proceeding taken against him through mistake, inadvertence, surprise, or excusable neglect. Neglect which arises from reliance placed by a party upon assurances given him by the opposing counsel, is excusable within the meaning of the law; and we think the showing made in this instance required the court, in furtherance of justice, to set aside the judgment, permit the answer to be filed, and proceed to a hearing of the case upon its merits. The judgment is accordingly reversed

*Reversed.*